**CAI DI ZHANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

No. 04–2689–ag.

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, New York, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, Ann C. Roberts, Assistant United States Attorney, Lubbock, Texas, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, Hon. ROGER J. MINER, Circuit Judges.

## SUMMARY ORDER

Petitioner Cai Di Zhang, a native and citizen of China, seeks review of a May 13, 2004, order of the BIA denying his motion to reopen and reconsider. *In re Cai Di Zhang,* No. A95 381 934 (B.I.A. May 13, 2004). In a previous decision, the BIA affirmed the IJ's denial of Zhang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cai Di Zhang,* A95 381 934 (B.I.A. Mar. 11, 2004); *aff'g In re Cai Di Zhang,* A95 381 934 (Immig. Ct. N.Y. City Apr. 23, 2003). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA denied Zhang's motion as both a motion to reconsider and as a motion to reopen; however, he argues only that the BIA abused its discretion in denying his motion to reopen. Accordingly, any challenge to the BIA's denial of his motion to reconsider should be considered waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006). Therefore, the only issue before this Court is whether the BIA abused its discretion in denying Zhang's motion on the ground that Zhang failed to submit any material evidence that was previously unavailable.

A motion to reopen will not be granted unless the movant offers evidence that was material and "was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(2). This Court has stated that "both a failure to offer such evidence and a failure to establish a *prima facie* case for the underlying substantive relief sought are proper grounds on which the BIA may deny the motion to reopen." *Alam v. Gonzales,* 438 F.3d 184, 187 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

Even assuming that the documents submitted by Zhang in support of his motion were material, the BIA did not abuse its discretion in determining that all them were either previously available or previously discoverable. Zhang's motion does not reasonably explain why these documents could not have been obtained at the time of his hearing.

Based on the foregoing, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).